IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )         2:17cr38-MHT
                            )            (WO)
EUNISES LLORCA-MENESES and  )
REINIER PEREZ-RIVES         )
```

OPINION AND ORDER

This cause is before the court on (1) defendant Reinier Perez-Rives's written motion to continue and (2) defendant Eunises Llorca-Meneses's oral motion to continue. For the reasons set forth below, the court finds that, for both Perez-Rives and Llorca-Meneses, jury selection and trial, now set for May 15, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(1).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an information

> or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).

The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "deny the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that the ends of justice served by granting a continuance outweigh the interest of the public as well as that of Perez-Rives and

Llorca-Meneses in a speedy trial. Perez-Rives stated in his unopposed written motion to continue that, because he neither speaks nor reads English, he needs additional time to have several documents provided in discovery translated into Spanish. During an on-the-record conference call on April 17, 2017, Perez-Rives elaborated that he wants to ensure he has sufficient time to evaluate the documents prior to the deadline for a change in plea. During the April 17 call, Llorca-Meneses orally joined in the motion, stating that a possible change in plea by her co-defendant could change her approach to trial preparation. Based on the representations made by all parties, a continuance is warranted to enable both Perez-Rives and Llorca-Meneses to prepare effectively for trial by thoroughly investigating the bases for this charge and the underlying documents.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Reinier Perez-Rives's written motion for continuance (doc. no. 40) is granted.

(2) Defendant Eunises Llorca-Meneses's oral motion for continuance, made on the record on April 17, 2017, is granted.

(3) The jury selection and trial for both defendants Perez-Rives and Llorca-Meneses, now set for May 15, 2017, are reset for September 5, 2017, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 18th day of April, 2017.

                                        /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**